NicholsoN, J.,
delivered the opinion of the Court.
The controlling question in this case, is, whether the leading process was a summons or an original attachment. It appears by the record, that, on the 16th of November, 1864, defendant in error issued his summons against plaintiff in error, and others, in trespass on the case, to his damage one thousand dollars. On the same day he made affidavit, that plaintiff in error and others were “justly liable to him in the sum of one thousand dollars, for property taken by the said parties, defendant, and that the parties have absconded, from the State.” This is the entire affidavit, no reference being made to the issuance of a summons; and upon this, he procured an attachment to issue against the estate of plaintiff in error, and others, which writ of attachment makes no reference to the issuance of a summons, but is in form and substance an original attachment. The summons and the attachment seem to have been issued on or about the same day, and both to have been received by the Sheriff on the 5th of December, 1864; and on that day the summons was returned “not found,” as to all the defendants, and on the same day the attachment was levied on the lands of plaintiff in error, and returned. At the July Term, 1865, defendant in error asked and obtained leave to change his action from trespass on the case, to trespass vi 4 armis. This was a recognition of the summons as the leading process. At the March Term, 1866, judgment *25 by default was taken, and a jury summoned to ascertain the damages, which was done, and a judgment rendered accordingly.
This statement of the case, as presented in the record, satisfies the Court that the leading process was a summons, and that the attachment was obtained as ancillary to the suit ' commenced by summons. It will' be observed that at the date of the issuance of the attachment, the law did not authorize the issuance of an original attachment to recover for damages arising from torts. As an original attachment, therefore, it was a nullity; but the law did authorize an attachment in aid of a summons in eases of tort, and it was as an ancillary attachment, only that it could have any validity.
But as an ancillary attachment it is a nullity, for the reason that neither in the affidavit nor in the writ, is there any reference to the summons, which it was intended to subserve. Thompson v. Carper, 11 Humph., 545; Morris v. Davis, 4 Sneed, 452; Swan v. Roberts, 2 Cold., 153.
The judgment below is therefore reversed, the attachment dismissed, and the cause remanded to the Court below, to be proceeded in upon the summons.